## 20782. HINSON v. THE STATE.

DECIDED DECEMBER 18, 1930.

*W. C. McMillan,* for plaintiff in error.

*J. D. Godfrey, solicitor,* contra.

LUKE, J. The accusation in this case charges that on December 8, 1929, in Washington county, Georgia, James Hinson sold intoxicating liquor to James McCrary, a minor. The trial resulted in a conviction, and the defendant excepts to the judgment overruling his motion for a new trial, based solely upon the general grounds.

Briefly stated, the State makes out this case: Between the hours of nine and ten o'clock in the night of December 8, 1929, in Washington county, James McCrary, aged eighteen years, went to the home of James Hinson to buy whisky. A man came out of the house and told McCrary that he knew McCrary was all right, because he had heard his sons, Andrew and Rodger, speak of McCrary. McCrary told the man he wanted some whisky, and a short time thereafter a man brought McCrary half a gallon of whisky, and McCrary gave the man $2.50 for the whisky. McCrary went to school with James Hinson's sons, Andrew and Rodger, and knew them.

The defendant relies mainly upon his defense of alibi. It is quite true that under the evidence and the defendant's statement at the trial the jury could have found that he was elsewhere when the whisky was purchased, but they chose to accept the State's version of the matter, and this they had the right to do. The defendant contends also that upon cross-examination McCrary swore that he did not know that he went to the defendant's house, that he did not recognize the defendant, and that he did not know whether the same man he first spoke to was the person who brought the whisky and received the $2.50. This contention is correct. However, there was other evidence in the case from which the jury had the right to conclude that McCrary did get the whisky at the defend-

ant's house; and it is a fair deduction from McCrary's testimony that the defendant was the man who first spoke to McCrary. This being true, the evidence warranted the verdict even if the defendant did not actually deliver the whisky and receive the money therefor. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*